## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

BRIAN BAILEY and DAVID PAITSEL,

Defendants.

Criminal No. 19-156 (CKK)

## <u>JURY INSTRUCTIONS</u>
(December __, 2021)

**PART ONE** ................................................................................................2

Jury Instruction 2.101 - FUNCTION OF THE COURT........................................3

Jury Instruction 2.102 - FUNCTION OF THE JURY ...........................................4

Jury Instruction 2.103 - JURY'S RECOLLECTION CONTROLS ....................6

Jury Instruction 2.104 - EVIDENCE IN THE CASE ...........................................7

Jury Instruction 2.105 - STATEMENTS OF COUNSEL........................................8

Jury Instruction 2.107 - BURDEN OF PROOF ....................................................9

Jury Instruction 2.108 - REASONABLE DOUBT ..............................................10

Jury Instruction 2.109 - DIRECT AND CIRCUMSTANTIAL EVIDENCE......11

Jury Instruction 2.200 - CREDIBILITY OF WITNESSES .................................13

Jury Instruction 2.203 - WITNESS WITH A PLEA AGREEMENT.......... **Error! Bookmark not defined.**

Jury Instruction 2.208 - RIGHT OF DEFENDANT NOT TO TESTIFY ... **Error! Bookmark not defined.**

Jury Instruction 2.218 - IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME - WITNESS ........................................ **Error! Bookmark not defined.**

Jury Instruction 2.106 - INDICTMENT NOT EVIDENCE ...............................18

**PART TWO** ...................................................................................................19

Jury Instruction 2.404 - EXPLANATION OF THE CHARGES/MULTIPLE DEFENDANTS – MULTIPLE COUNTS ...........................................................35

Counts One & Three - CONSPIRACY, 18 U.S.C. § 371 ...................................33

Counts Two, Four, and Five, 18 U.S.C. §§ 201(b)(1)(C) and (201(b)(2)(C) ......33

Jury Instruction 3.101 - PROOF OF STATE OF MIND ....................................35

**PART THREE** ..............................................................................................36

Jury Instruction 2.502 - SELECTION OF FOREPERSON .................................37

Jury Instruction 2.509 - COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS ......................................................38

Jury Instruction 2.405 - UNANIMITY—GENERAL...........................................39

Jury Instruction 2.501 - EXHIBITS DURING DELIBERATIONS....................40

Jury Instruction 2.100 - FURNISHING JURY WITH A COPY OF THE INSTRUCTIONS ..............................................................................................41

Jury Instruction 2.407 - VERDICT FORM EXPLANATION ............................42

Jury Instruction 2.508 - CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION, AND RESEARCH.............................................................43

Jury Instruction 2.511 - EXCUSING ALTERNATE JURORS...........................44

Ladies and Gentlemen, the time has now come when all of the evidence is in and you have heard the closing arguments of the lawyers.  It is now up to me to instruct you on the law that should control your deliberations in this case.  My instructions will be roughly divided into three parts.  First, I will talk with you about some general principles of the law.  Second, I will discuss with you instructions that apply to the elements of the offenses charged in this case.  Finally, I will have some closing remarks about your deliberations in this matter.

## **PART ONE**

Let me begin with some general principles.  First, I am sure you understand by now that the jury and the court -- you and I -- have quite different responsibilities in a trial.

## Jury Instruction 2.101
## <u>FUNCTION OF THE COURT</u>

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.  If counsel has stated the law differently than the Court, my instruction of the law controls.

## Jury Instruction 2.102
## <u>FUNCTION OF THE JURY</u>

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict. All people deserve fair treatment in our system of justice regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level. You should determine the facts solely from a fair consideration of the evidence. You should decide the case without prejudice, fear, sympathy, favoritism, or consideration of public opinion.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or

indicated any such opinion, you should ignore it.  The verdict in this case is your sole and exclusive responsibility.

**Jury Instruction 2.103**
**JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**Jury Instruction 2.104**
**<u>EVIDENCE IN THE CASE</u>**

During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case consists of the sworn testimony of the witnesses and the exhibits that were admitted into evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

## Jury Instruction 2.105
## <u>STATEMENTS OF COUNSEL</u>

Statements and arguments of the lawyers are important because they are intended to help you understand the evidence and the contentions of the parties. However, the statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

Moreover, occasionally during argument a lawyer for one side or the other may appear to state his or her belief or opinion concerning the facts in the case or the credibility of testimony. A lawyer is not permitted to state his/her belief or opinion during argument. He or she is permitted only to argue to you based upon what the evidence in this case shows. Thus, if you think a lawyer has expressed his or her personal belief or opinion during argument, you must disregard any such expression and judge the case only on the evidence.

## Jury Instruction 2.107
## <u>BURDEN OF PROOF</u>

**Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial.  The law does not require Mr. Bailey or Mr. Paitsel to prove his innocence or to produce any evidence at all.   If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Mr. Bailey or Mr. Paitsel is charged, it is your duty to find him guilty of that offense.**

**On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find Mr. Bailey or Mr. Paitsel not guilty of that offense.**

## Jury Instruction 2.108
## <u>REASONABLE DOUBT</u>

The government has the burden of proving Mr. Bailey and Mr. Paitsel guilty beyond a reasonable doubt as to each count or charge against them. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely than not true, which we call the preponderance of the evidence.  In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

### Jury Instruction 2.109
### <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling.  If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen.  Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.  His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.  You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of

certainty than direct evidence.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

## Jury Instruction 2.200
## <u>CREDIBILITY OF WITNESSES</u>

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses.  You alone determine whether to believe any witness and the extent to which a witness should be believed.  Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness.  For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has a friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between

13

the event and any later recollections of the events, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any inconsistencies in a witness's testimony. You may also consider any inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive

### Jury Instruction 2.203
### <u>WITNESS WITH A PLEA AGREEMENT</u>

You have heard evidence that Dawn Dorsey entered into a plea agreement with the government pursuant to which Ms. Dorsey agreed to testify truthfully in this case and the government agreed to bring Ms. Dorsey's cooperation to the attention of her sentencing judge.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendants on the basis of this testimony alone, if it convinces you of the defendants' guilt beyond a reasonable doubt.  A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect her against a prosecution for perjury or false statement, should she lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses. You may consider whether the plea agreement the witness entered into with the government has motivated her to testify falsely against the defendants. The testimony of a witness who has entered into a plea agreement should be considered with caution. You should give the testimony as much weight as in your judgment it deserves.

### Jury Instruction 2.208
### <u>RIGHT OF DEFENDANT NOT TO TESTIFY</u>
*[IF APPLICABLE]*

**Every defendant in a criminal case has an absolute right not to testify. Both Mr. Bailey and Mr. Paitsel have chosen to exercise this right. You must not hold this decision against them, and it would be improper for you to speculate as to the reason or reasons for their decisions. You must not assume the defendants are guilty because they chose not to testify.**

[*\*The Court will adjust this instruction, as necessary, based on whether Defendants decide to testify at trial. If either Defendant does testify, the Court will use Redbook Instructions 2.209 ("Defendant as Witness") and 2.213 ("Character of Defendant").*]

Jury Instruction 2.218

## IMPEACHMENT BY PROOF OF
## CONVICTION OF A CRIME—WITNESS
*[IF APPLICABLE]*

You have heard evidence that [NAME OF WITNESS] has been convicted of a crime. You may consider this conviction only in evaluating the credibility of that witness's testimony in this case.

**Jury Instruction 2.106**
**<u>INDICTMENT NOT EVIDENCE</u>**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. Bailey or Mr. Paitsel's guilt or draw any inference of guilt from it.

## **PART TWO**

Ladies and Gentlemen, I would now like to talk with you about the specific offenses charged in this case.

**Instruction No. 2.404**
**Explanation of the Charges/Multiple Defendants—Multiple Counts**

At this time, I will explain the indictment and the elements of the offenses charged against each of the defendants.  The indictment is not evidence; it just outlines the offenses charged against the defendants, which are called "counts." There are five counts charged in the indictment.  Each count of the indictment charges a separate offense, and each defendant is not necessarily charged in each count of the indictment.

Defendant Brian Bailey is charged in four counts of the indictment:

- Count One—conspiring with Dawne Dorsey to commit bribery;
- Count Two—bribery of Dawne Dorsey;
- Count Three—conspiring with David Paitsel to commit bribery; and
- Count Four—bribery of David Paitsel.

Defendant David Paitsel is charged in two counts of the indictment:

- Count Three—conspiring with Brian Bailey to commit bribery; and
- Count Five—accepting bribes from Brian Bailey.

Again, each count of the indictment charges a separate offense. Moreover, each defendant is entitled to have the issue of his guilt as to each of the crimes for which he is on trial determined from his own conduct and from the evidence that applies to him as if he were being tried alone. You should, therefore, consider separately each offense, and the evidence which applies to

20

it, and you should return separate verdicts as to each count of the indictment, as well as to each defendant.

The fact that you may find any one defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment for that defendant. Nor should it influence your verdict with respect to any other defendant as to that count or any other count in the indictment. Thus, you may find either of the defendants guilty or not guilty on any one or more counts of the indictment, and you may return different verdicts as to different defendants and as to different counts. You will be provided with a verdict form to record your verdicts, which I will show you and explain to you later. At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any defendant on any count.

**Proposed Instruction No. 13**
**Conspiracy – Counts One and Three**

First, I will explain to you the elements of the offense of conspiracy. It is against the law to agree with someone to commit a crime. That is called a conspiracy. More specifically, it is against the law to agree with someone to commit bribery—that is, agreeing to demand, seek, receive, or accept a bribe while a public official, or agreeing to give, offer, or promise a bribe to a public official.

The indictment in this case charges two conspiracies to commit bribery. Count One alleges that Brian Bailey agreed with Dawne Dorsey to commit bribery. Count Three separately alleges that Brian Bailey and David Paitsel agreed with each other to commit bribery. I will instruct you on the elements of the crime of conspiracy generally, and then I will give you some specific instructions about the conspiracies charged in this case and about the crime of bribery.

To prove a conspiracy to commit bribery, the Government is not required to prove that the objective was achieved; that is, the Government is not required to prove that the defendants succeeded in committing bribery. Instead, to prove the offense of conspiracy to commit bribery, the Government must prove each of the following three elements beyond a reasonable doubt:

*First*, that an agreement existed between two or more people to commit the crime of bribery. This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, the fact that people get together and talk about common interests, or do similar things, does not necessarily show that an agreement exists to commit bribery. It is enough that the Government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of bribery. So, the first thing that must be shown is the existence of an agreement.

*Second*, the Government must prove that the defendant intentionally joined in the agreement. It is not necessary to find that he agreed to all the details of the crime. A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy. So, the second thing that must be shown is that the defendant was part of the conspiracy.

*Third*, the Government must prove that one of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy. This

something is referred to as an overt act.  To find the defendant guilty, you must all agree on at least one overt act that was done.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed.  The Government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

In determining whether a conspiracy between two or more persons existed and whether the defendant was one of its members, you may consider the acts and the statements of any other member of the conspiracy as evidence against all of the defendants whether done in or out of his or her presence while the conspiracy existed.  When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the act or statement of all who have joined in that conspiracy and is evidence against all of the conspirators.  However, statements of any conspirator which are made before the conspiracy's existence or after its termination may be considered as evidence only against the person making such statements.

In summary, a conspiracy is a kind of partnership in crime.  As I explained earlier, the indictment in this case alleges two different criminal partnerships: Count One—a bribery conspiracy between Brian Bailey and

Dawne Dorsey, and Count Three—a bribery conspiracy between Brian Bailey and David Paitsel.  Let me further specify the elements for each of those alleged conspiracy offenses.

The first bribery conspiracy, with which Mr. Bailey is charged in Count One, is alleged to involve Mr. Bailey and Dawne Dorsey.  For Mr. Bailey to be found guilty of Count One, the Government must prove three things beyond a reasonable doubt: first, that between February 23, 2016 and August 20, 2018, there was an agreement to commit bribery; second, that Mr. Bailey intentionally joined in that agreement; and third, that one of the people involved in the conspiracy engaged in one overt act.  The charged overt actions for the alleged Bailey-Dorsey conspiracy include:

- On or about June 13, 2016, BAILEY sent an email to Dawne Dorsey, in which BAILEY wrote:
- I want to sit and speak with you regarding our arrangement. You sending files isn't working out the way I thought it would. Initially I was getting files almost daily. Now I'm receiving files maybe 2 or 3 times a month. The files are time sensitive and most of the time I get them so late that I might only have a week or less to react. While I did finally flip 1910 5th Street on Friday, it really wasn't any money in it…by the time I pay Sidney who actually got the tenant rights, pay the tenants and pay you…I might make 3500 net. I'm paying you every month consistently with the exception of June because I've been in NJ…but you know that. This month alone I haven't received any emails form you at all…so if that's how it's going to play out…I'd rather not do it. It doesn't do me any good to receive the files with almost no time to react. We missed 2 real good opportunities to make some money but we didn't because u sent the files with days left on the acceptance period. At any rate…I'll be home for 6 weeks

25

after this week's minicamp which starts tomorrow. I'm in Miami but I'm coming home today for a few hours only to drive back to NJ tomorrow morning. I can meet with you this evening at my house to give you your cash but I really need to know what your plans are because I've been straight up with you and I feel like you're bullshitting (Indictment ¶ 26);

- On or about May 3, 2017, Dawne Dorsey sent an email to BAILEY attaching approximately 12 .pdf files consisting of unredacted TOPA Offer of Sale Notices (Indictment ¶ 32);

- On or about May 11, 2017, Dawne Dorsey sent an email to BAILEY attaching approximately 7 .pdf files consisting of unredacted TOPA Offer of Sale Notices (Indictment ¶ 33);

- On or about September 28, 2017, Dawne Dorsey sent an email to BAILEY attaching approximately 5 .pdf files consisting of unredacted TOPA Offer of Sale Notices (Indictment ¶ 36);

- Between on or about February 2016 through on or about April 2017, BAILEY made payments to Dawne Dorsey in cash and checks, to include the following checks drawn on BAILEY's PNC Bank account, which Dawne Dorsey endorsed (Indictment ¶ 42):

| Para. # | Date of Check | Amount of Check |
|---------|---------------|-----------------|
| 42(a) | April 18, 2017 | $1,000 |
| 42(b) | May 3, 2017 | $500 |
| 42(c) | June 5, 2017 | $500 |
| 42(d) | July 6, 2017 | $500 |
| 42(e) | September 6, 2017 | $500 |
| 42(f) | October 6, 2017 | $500 |
| 42(g) | January 2, 2018 | $500 |
| 42(h) | January 31, 2018 | $500 |
| 42(i) | April 2, 2018 | $1,000 |
| 42(j) | May 4, 2018 | $500 |
| 42(k) | June 12, 2018 | $500 |
| 42(l) | July 9, 2018 | $500 |
| | Total: | $7,000 |

The second bribery conspiracy, charged in Count Three, is alleged to involve Mr. Bailey and Mr. Paitsel.  For Mr. Bailey to be found guilty of

Count Three, the Government must prove three things beyond a reasonable doubt: first, that between February 28, 2016 and June 1, 2017 there was an agreement to commit bribery; second, that Mr. Bailey intentionally joined in that agreement; and third, that one of the people involved in the conspiracy engaged in one overt act described in the indicment.   For Mr. Paitsel to be found guilty of Count Three, the Government must prove three things beyond a reasonable doubt: first, that between February 28, 2016 and June 1, 2017 there was an agreement to commit bribery; second, that Mr. Paitsel intentionally joined in that agreement; and third, that one of the people involved in the conspiracy engaged in one overt act described in the indictment. The charged overt acts for the alleged Bailey-Paitsel conspiracy include:

- On or about May 11, 2017, BAILEY sent an email to PAITSEL's personal email account containing the Offer of Sale Notice for 224 T Street NE. BAILEY wrote, in relevant part, "David I need your help on this one. If I can get just one of the tenants to sign it would be awesome. The file is attached….The address is 224 T Street NE WDC 20002." BAILEY listed the names of four tenants, including "P.B." (Indictment ¶ 56);

- On or about May 11, 2017, from approximately 8:33 PM to 8:53 PM, PAITSEL utilized his FBI-issued CLEAR account to conduct approximately forty-nine searches. At approximately 8:54 PM, PAITSEL sent an email to BAILEY containing personal contact information for the same four individuals that BAILEY listed in his email, including "P.B." That contact information was copied and pasted from CLEAR (Indictment ¶ 57);

- **After BAILEY got in touch with "P.B.", still on or about May 12, 2017, BAILEY sent an email to PAITSEL, stating, "Dave…. I got in touch with ["P.B."]. If I get paid off of it I'm going to give you 5k." (Indictment ¶ 61);**

- **On or about October 4, 2017, BAILEY sent an email to PAITSEL, stating, in relevant part, "David…I will have the money tomorrow from the smaller deal. Do you want to meet this weekend so I can get it to you?" PAITSEL responded the same day, "Let's plan on 1130 or 12 for Saturday." (Indictment ¶ 62);**

- **The next day, on or about Saturday, October 7, 2017, at approximately 9:58 AM, PAITSEL sent a text message to BAILEY, stating, "Are you still good for lunch today?" Within three minutes, BAILEY responded, "meet me at my house around 12noon." (Indictment ¶ 64);**

- **That same day [January 12, 2018], on or about January 12, 2018, BAILEY wrote a check to PAITSEL for $6,500, which PAITSEL endorsed (Indictment ¶ 78).**

**Proposed Instruction No. 14**
**Bribery—Counts Two, Four, and Five**

It is a federal crime to bribe a public official, and it is a federal crime for a public official to take a bribe.  I am going to instruct you first about the bribery counts charged against Mr. Bailey, and second about the bribery count against Mr. Paitsel.  Finally, I will then give you some general instructions that explain the law of bribery that is applicable to all the bribery counts.

*Bribery Counts Against Brian Bailey—Counts Two and Four*

In Count Two of the indictment, Brian Bailey is charged with giving, offering, or promising to pay a bribe to a public official—that is, Dawne Dorsey. To find Mr. Bailey guilty of bribery as charged in Count Two, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

*First*, that Mr. Bailey gave, offered, or promised something of value to Dawne Dorsey.

*Second*, that Ms. Dorsey was then a public official by virtue her being employed as a Program Specialist at the District of Columbia Department of Housing and Community Development.

*Third*, that Mr. Bailey did so corruptly, with the intent to induce the Dawne Dorsey to violate her official duty to maintain the confidentiality of TOPA information.

In Count Four of the indictment, Brian Bailey is charged with giving, offering, or promising to pay a bribe to a public official—that is, David Paitsel. To find Mr. Bailey guilty of bribery as charged in Count Four, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

*First*, that Mr. Bailey gave, offered, or promised something of value to David Paitsel.

*Second*, that Mr. Paitsel was then a public official by virtue of his being employed as a Supervisory Special Agent for the Federal Bureau of Investigation.

*Third*, that Mr. Bailey did so corruptly, with the intent to induce David Paitsel to violate his official duty not to use government resources for non-official business.

*Bribery Count Against David Paitsel—Count Five*

In Count Five of the indictment, David Paitsel is charged with demanding, seeking, receiving, or accepting a bribe from Brian Bailey.

To find Mr. Paitsel guilty of bribery as charged in Count Five, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

*First*, that Mr. Paitsel, directly or indirectly, demanded, sought, or received something of value;

*Second*, that Mr. Paitsel was then a public official by virtue of his being employed as a Supervisory Special Agent for the Federal Bureau of Investigation.

*Third*, that Mr. Paitsel did so corruptly, in return for being induced to violate his official duty not to use government resources for non-official business.

### *Instructions on the Law of Bribery*

I will now give you some additional instructions about the law of bribery, which apply to the counts against both Mr. Bailey and Mr. Paitsel.

The term "corruptly" means having an improper motive or purpose. The motive to act corruptly is ordinarily a hope or an expectation of either financial gain or other benefit to one's self or some profit or benefit to another. Put another way, a public official acts corruptly if he or she solicits, accepts or agrees to accept a personal benefit, at least in part, with the intent to be improperly influenced or rewarded in connection with the performance or

omission of an act in violation of his or her official duty; and a person giving, offering, or promising a bribe to a public official acts corruptly if he or she does so with the intent, at least in part, to induce the public official to violate his or her official duty.

For Mr. Bailey to be guilty of bribery, neither Dawne Dorsey nor David Paitsel need to have actually performed an act in violation of their official duties, or even intended to do so.  It is sufficient if the government proves that Mr. Bailey intended for Dawne Dorsey or David Paitsel to realize or know that he or she was expected, as a result of receiving something of value, to perform an act in violation of their official duties.  Conversely, for Mr. Paitsel to be found guilty of bribery, he need not have actually performed an act in violation of his official duty.  It is sufficient if Mr. Paitsel conveyed an intent to violate his official duty in exchange for something of value.

In addition, the Government does not need to correlate each of Mr. Bailey's payments to Ms. Dorsey or Mr. Paitsel with a specific violation of his or her official duty.  Instead, the Government can show a course of conduct— that is, a pattern of Mr. Bailey giving things of value to Ms. Dorsey or Mr. Paitsel, in exchange for Ms. Dorsey or Mr. Paitsel's pattern of acting in violation of their official duties in a manner favorable to Mr. Bailey.

**The defendants' exchanges of payments for violations of official duty need not be explicit.  Otherwise, the law's effect could be frustrated by knowing winks and nods.  Rather, Mr. Bailey's and Mr. Paitsel's intent may be proven by circumstantial evidence, based on their words, conduct, acts, and all the surrounding circumstances and the rational or logical inferences that may be drawn from them.**

**[The Court will consider the following instruction contingent upon the evidence introduced at trial:**

*It is not a defense to the crime of bribery that Ms. Dorsey or Mr. Paitsel would have taken action in violation of his or her official duty without the inducement of a bribe.  Nor is it a defense to the crime of bribery that Mr. Bailey paid Ms. Dorsey or Mr. Paitsel for some purpose in addition to intending to induce them to violate an official duty.  This is so because people rarely act for a single purpose.  Therefore, for Mr. Paitsel to be found guilty of bribery, the Government need not prove that he demanded, sought, received, or accepted payment from Mr. Bailey solely in exchange for violating or agreeing to violate his official duty.  If you find that Mr. Paitsel demanded, sought, received, or accepted payment, at least in part, knowing that it was intended to induce him to violate his official duty, he can be found guilty of bribery, even if he had additional motives—such as friendship or goodwill. Similarly, for Mr. Bailey to be found guilty of bribery, the Government need not*

33

*prove that he gave, offered, or promised payment to Ms. Dorsey or Mr. Paitsel solely in exchange for inducing them to violate their official duties.  If you find that Mr. Bailey gave, offered, or promised payment to Ms. Dorsey or Mr. Paitsel at least in part to induce them to violate their official duties, Mr. Bailey can be found guilty of bribery, even if he had additional motives—such as friendship or goodwill.*]

## Jury Instruction 3.101
## <u>PROOF OF STATE OF MIND</u>

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by Mr. Bailey or Mr. Paitsel, and all other facts and circumstances received in evidence which indicate their intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. Bailey or Mr. Paitsel acted with the necessary state of mind.

## **PART THREE**

Ladies and Gentlemen, I would now like to talk with you about your deliberations in this matter

## Jury Instruction 2.502
## <u>SELECTION OF FOREPERSON</u>

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission— to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Jury Instruction 2.509**
## COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict.  This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**Jury Instruction 2.405**
**UNANIMITY—GENERAL**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

## Jury Instruction 2.501
## <u>EXHIBITS DURING DELIBERATIONS</u>

I will be sending into the jury room with you the exhibits that have been admitted into evidence.  You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Jury Instruction 2.100**
## FURNISHING JURY WITH A COPY OF THE INSTRUCTIONS

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

## Jury Instruction 2.407
## <u>VERDICT FORM EXPLANATION</u>

You will be provided with a Verdict Form for use when you have concluded your deliberations.  The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

## Jury Instruction 2.508
## <u>CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION,</u>
## <u>AND RESEARCH</u>

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

### Jury Instruction 2.511
### <u>EXCUSING ALTERNATE JURORS</u>

The last thing I must do before you begin your deliberations is to excuse the alternate jurors.  As I told you before, the selection of alternates was an entirely random process; it's nothing personal.  We selected <u>two</u> seats to be the alternate seats before any of you entered the courtroom.  Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats <u>SIX (6)</u> and <u>NINE (9)</u>.

Before you <u>two</u> leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror.  Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you.  My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury.  Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

Ladies and Gentlemen, at this time you may retire to begin your deliberations, but before you retire I must extend my thanks and appreciation for the participation up to this point of jurors in seats numbered <u>6 & 9</u>.  They were determined at the outset of the trial to be the alternate jurors in this matter, and I am required to excuse the prior to the beginning of deliberations. I wish to thank all of you, and you may return to the jury room, which is located in Courtroom 29.

Marshal, will you please escort the jury to the jury room?

### <u>THE END</u>