IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) |
| BRIAN BAILEY, et al, | ) Case No. 1:19-cr-00156-CKK |
|     *Defendant*. | ) |

**DEFENDANT BRIAN BAILEY'S MOTION FOR CLARIFICATION OF COURT'S INSTRUCTIONS REGARDING PERMISSIBLE CLOSING ARGUMENTS**

Over the last few days of trial, there has been discussion about whether defense counsel may make certain arguments during closing arguments. Mr. Bailey seeks clarification from the Court (1) as to the scope of proper argument related to certain exhibits that have been admitted into evidence, and (2) as to whether these same limitations apply to the government's closing argument as well.

*Witnesses Who Did Not Appear at Trial*

Mr. Bailey plans to point out in closing that certain witnesses did not appear at trial—namely, Dawne Dorsey and other DHCD employees who Mr. Pair testified would have known about this supposed policy. Mr. Bailey will not argue that these witnesses would have provided testimony contrary to the government's theory but only point out that they did not offer any testimony at all. Under D.C. Circuit precedent, this is an appropriate argument for closing. *See United States v. Lawson*, 494 F.3d 1046, 1053–54 (D.C. Cir. 2007).

In *Lawson*, the court of appeals said the trial court erred when it instructed the jury to disregard defense counsel's argument that a particular witness had not testified at trial. A "missing witness" instruction is only appropriate where one party has a "special ability to

produce him" at trial. *United States v. Pitts*, 918 F.2d 197, 199 (D.C. Cir. 1990). Mr. Bailey had not requested a missing witness instruction.

However, *Lawson* also held that it is "entirely reasonable for [defense] counsel to point out to the jury the kinds of evidence that they might have expected to see but did not . . . Emphasizing the lack of one form of evidence—in this instance, testimony by [a witness]—is not always or necessarily an argument that a witness not called would have provided testimony harmful to the prosecution's case." *Lawson*, 494 F.3d at 1054 (citing *Burgess v. United States*, 440 F.2d 226, 235 (D.C. Cir. 1970)). Counsel may not "ask the jury to infer, either directly or in a meaningful indirect manner, that [the witness] would have testified against the government's case." *Lawson*, 494 F.3d. at 1054; *see also United States v. Henson*, 486 F.2d 1292, 1298 n.4 (D.C. Cir. 1973) (holding that a party did not make a missing-witness argument because "[t]he remarks did not directly, or in a meaningful indirect manner, ask the jury to draw an impermissible inference from [a witness's] absence").

Based on *Lawson*, Mr. Bailey should be permitted to point out the absence of Ms. Dorsey and other subordinates of Ms. Pair as evidence that the jury might have expected to see in this trial to show whether Ms. Pair's policy was made known to her subordinates like Ms. Dorsey.

### *Permissible Use of Exhibits*

The Court has made clear that Mr. Bailey may not use certain exhibits, such as Exhibits 207 and 209-13, to argue to the jury that the supposed "policy" prohibited Ms. Dorsey from sending unredacted TOPA notices to these particular requesters, because there are no facts in evidence to prove (or disprove) the connection of the requester to the transaction.

However, Mr. Bailey seeks clarification that the government is bound by the same limitation. Specifically, the government used in opening statement a text from Ms. Dorsey and Mr. Bailey's response below and plans to use it in closing as well:

| 345 | Sent | To +12404633205 Direction: Outgoing | 2/2/2018 1:47:36 PM(UTC+0) | | Sent | Nothing can lead back 2 u right |
| --- | --- | --- | --- | --- | --- | --- |
| 346 | Sent | To +12404633205 Direction: Outgoing | 2/2/2018 1:45:43 PM(UTC+0) | | Sent | Ok…the focus is on everyone |
| 347 | Inbox | From +12404633205 Direction: Incoming | 2/2/2018 1:37:28 PM(UTC+0) | | Read | And I found out yesterday that at one of our topa meetings there's supposed to be a group of people trying to investigate bc they think dhcd leaking info |

Ms. Dorsey did not testify at trial. There is no evidence to show that her text about someone "trying to investigate" the possibility of "dhcd leaking info" references the emails that Ms. Dorsey sent to Mr. Bailey. Thus, the government should not be permitted to suggest to the jury that Mr. Bailey's response reflected a concern about an investigation into his dealings with Ms. Dorsey, because that argument assumes facts that are not in evidence before the jury.

October 5, 2022                                             Respectfully submitted

/s/ Sara E. Kropf                                            /s/ Pleasant Brodnax
Sara E. Kropf (D.C. Bar 481501)        Pleasant S. Brodnax, III
KROPF MOSELEY PLLC                  1701 Pennsylvania Avenue, NW
1100 H Street NW                              Suite 200
Suite 1220                                            Washington, D.C., 20006
Washington, DC 20005                     (202) 462-1100
(202) 627-6900                                    pleasant.brodnax@gmail.com
sara@kmlawfirm.com

*Counsel for Defendant Brian Bailey*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2022, I caused a copy of the foregoing Defendant Brian Bailey's motion to be served on all counsel of record via the Court's CM/ECF system.

/s/ Sara E. Kropf
Sara E. Kropf