In the United States District Court
for the District of Columbia

---

UNITED STATES OF AMERICA,
    *Plaintiff*,

v.     No. 1:19-cr-00156-CKK

DAVID PAITSEL *et al.*,
    *Defendant*

---

### DAVID PAITSEL'S REPLY TO THE GOVERNMENT'S MEMORANDUM IN RESPONSE TO HIS MOTION FOR RELEASE PENDING APPEAL

Defendant David Paitsel replies as follows to the Government's memorandum in response to his motion for release pending appeal.

### Argument in Response

**a. The Structural Error**

The only 18 U.S.C. § 3143(b) factor that the United States seriously contests is the requirement that the defendant demonstrate that his appeal raises a substantial question of law or fact likely to result in reversal. *See* Doc. 311 at 2. To meet this requirement, Mr. Paitsel need not show that he will prevail on appeal; he need only raise "a 'close' question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1988) (quoting cases).

As Mr. Paitsel explained in his motion, *see* Doc. 310 at 7–10, the jury instruction on the Count 5 bribery charge, which removed an essential element from the jury's determination, resulted in structural error as to both that count and to the conspiracy count. The government does not specifically dispute that the jury could have interpreted the Count 5 bribery instruction, viewed in isolation, as improperly instructing a verdict on an essential element of that count. Instead, the government urges this Court to consider that instruction "in context" of the jury instructions as a whole. *See* Doc. 311 at 8–9. But, rather than establishing that the error in the Count 5 instruction was harmless, considering the jury instructions as a whole actually highlights exactly why the Count 5 instruction resulted in structural error.

Count 4 charged Bailey with bribing Mr. Paitsel in violation of 18 U.S.C. § 201(b)(1)(C), while Count 5 charged Mr. Paitsel with accepting those bribes in violation of section 201(b)(2)(C). *See* Doc. 18 at 22–23. Section 201(b)(1)(C) requires the government to prove that the defendant intended to influence a public official to do or to omit to do something in violation of his "lawful duty," *see United States v. Lasanta*, 978 F.2d 1300, 1309 (2d Cir. 1992), while section 201(b)(2)(C) requires the government to prove that the defendant accepted a bribe in return for being induced to violate an "official duty," *see United States v. Valle*, 538 F.3d 341, 349 (5th Cir. 2008).

Just as those subsections define those crimes differently, this Court's jury instructions on those counts explained those charges differently. Regarding Court 4, the Court explained that Bailey had been charged with offering or paying a bribe to Mr. Paitsel and that, to find him guilty of that crime, it would have to find, among other things,

> that Mr. Paitsel had a lawful duty not to use government resources for nonofficial business and/or to keep confidential the information for which Mr. Bailey allegedly gave, offered, or promised something of value to Mr. Paitsel.

Doc. 309 at 67. The court then explained,

> *For the purposes of this instruction*, a lawful duty is any statutory, regulatory, or official duty imposed upon Mr. Paitsel either orally or in writing by virtue of and specific to his position as the supervisory special agent for the Federal Bureau of Investigation.

Doc. 309 at 67 (emphasis added). And, importantly, the Court continued, "*As for Count 4, the existence of a lawful duty may be proven through direct or circumstantial evidence.*" Doc. 309 at 68 (emphasis added). Thus, as the Court repeatedly emphasized, *for purposes of Count 4*, the question of whether Mr. Paitsel had a particular "lawful duty" was a question for the jury to resolve.

The Court's instruction on Count 5, which pertained to Mr. Paitsel, was very different. For that count, the Court told the jury that, to find Mr. Paitsel guilty, it would have to find:

> First, that Mr. Paitsel directly or indirectly demanded, sought, received, accepted, and/or agreed to receive and accept something

3

> of value.
>
> Second, that Mr. Paitsel was then a public official by virtue of his being employed as a supervisory special agent for the Federal Bureau of Investigation.
>
> *Third, that Mr. Paitsel did so corruptly in return for being induced to violate his official duty not to use government resources for nonofficial business.*

Doc. 309 at 69 (emphasis added). As to the elements of the crime, that was it. In stark contrast to the instruction on Count 4, which charged the jury with determining what constituted Mr. Paitsel's "lawful duty," this instruction told the jury exactly what constituted Mr. Paitsel's "official duty"—that is, "not to use government resources for nonofficial business." As Mr. Paitsel explained in his motion, this constituted structural error that will require reversal, regardless of whether Mr. Paitsel previously raised this issue or can show harm.[1] *See* cases cited at Doc. 310 at 9–10.

Moreover, although, as the government notes, the indictment alleged that the conspiracy had two objects, only one of which focused on section 201(b)(2)(C), and although a general verdict of guilty on a multi-object conspiracy stands if the evidence was sufficient to support a conviction on either object, Mr. Paitsel's challenge to his conspiracy conviction does not

---

[1] The government's response does not address whether an error of this nature is structural.

depend on the insufficiency of the evidence as to either of the conspiracy objects. There is a substantial likelihood that he will be relieved of his conspiracy conviction because the jury instruction on the conspiracy count resulted in the same structural error that the bribery instruction caused.

The conspiracy instruction explained that the jury could convict Mr. Paitsel if the government proved:

> First, that between February 28, 2017 and June 1, 2018, *there was an agreement to commit bribery*.
>
> Second, that Mr. Paitsel intentionally joined in that agreement, and
>
> Third, that one of the people involved in the conspiracy engaged in one overt act described in the indictment.

Doc. 309 at 63 (emphasis added). Because that instruction did not define the term "bribery" or set out the elements of that crime, the jury would have had to have looked to the instruction on Count 5 to determine what constituted "bribery" as to Mr. Paitsel. And, as explained above, the Count 5 instruction directed the jury that Mr. Paitsel's "official duty" included a duty not to use government resources for nonofficial business.

The conspiracy instruction, therefore, resulted in the same structural error that the bribery instruction caused. Consequently, there is a substantial likelihood that Mr. Paitsel's conspiracy conviction will be reversed too.

### b. The Insufficient Evidence

Mr. Paitsel explained in his motion that, in *United States v. Savian*, 528 F.3d 957, 964 (D.C. Cir. 2008), the United States Court of Appeals for the D.C. Circuit held essentially that a federal employee's conviction on criminal charges cannot be founded on "vague standards of conduct for government employees." "[T]o comply with Fifth Amendment due process, the defendant must have fair notice of what conduct is forbidden. This 'fair warning' requirement prohibits application of a criminal statute to a defendant unless it was reasonably clear at the time of the alleged action that defendant's actions were criminal." *Id.* at 964–65 (cleaned up).

In its opposition, the government did not specifically respond to Mr. Paitsel' contention that 5 C.F.R. § 2635.101(b)(5), on which the government relied as the basis for contending that Mr. Paitsel violated an "official duty," was not sufficient to give him fair warning that he might face criminal liability for if he used any government property for "other than an authorized purpose." Nor did it address 28 C.F.R. § 45.4, which expressly authorizes government employees to use "Government office and library equipment and facilities" for "[p]ersonal use that involve[s] only negligible expense (such as electricity, ink, small amounts of paper, and ordinary wear and tear)." It also did not counter his argument that, because this vague standard could not

support a conviction for a crime involving the violation of an official duty, the jury convicted Mr. Paitsel under both sections 201(b)(2)(C) and 371 based on conduct that does not constitute a federal criminal offense.

As Mr. Paitsel explained in his motion, he has a substantial likelihood of success on the merits of each of these arguments.

### c.  The failure to charge the jury on the lesser-included offense

As the government points out, this Court previously stated that "[t]he evidence is … more than sufficient to establish corrupt intent to accept payments in exchange for actions in violation of an official duty," *see* Doc. 265 at 9. Still, Mr. Paitsel maintains that, for the reasons set forth in his motion, there is a substantial likelihood that he will succeed on his contention that the evidence proved at most that he agreed to accept a reward for past acts. That conduct may constitute the acceptance of an illegal gratuity (or a conspiracy to do so), but, as a matter of law, it does not constitute the acceptance of a bribe. *See United States v. Fischer*, 64 F.4th 329, 354 (D.C. Cir. 2023); *Valdez v. United States*, 475 F.3d 1319, 1330 (D.C. Cir. 2007) (Kavanaugh, J., concurring). Because the jury was not instructed on any lesser-included offense, Mr. Paitsel is entitled to vacation of his convictions. *See United States v. Dhinsa*, 243 F.3d 635, 675 (2d Cir. 2001); *accord United States v. Vasquez-Chan*, 978 F.2d 546, 554 (9th Cir. 1992), *overruled on other grounds, United States v. Nevils*, 598 F.3d 1158

(9th Cir. 2010); *cf. United States v. Melton*, 491 F.2d 45, 49 (D.C. Cir. 1973).

Therefore, even assuming no structural or other reversible error, there is a substantial likelihood that Mr. Paitsel will succeed on his challenge to both his bribery conviction and his conspiracy conviction.

## Conclusion

For the above reasons and for the reasons set forth in his motion, Mr. Paitsel requests this Court to permit him to remain released pending the resolution of his appeal.

Respectfully submitted,

/s/_____
DAVID BENOWITZ
D.C. BAR NO. 451557
PRICE BENOWITZ LLP
409 SEVENTH STREET, NW
SUITE 200
WASHINGTON, DC 20004
DAVID@PRICEBENOWITZ.COM
COUNSEL FOR DAVID PAITSEL

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December 2023, a true copy of the foregoing was served via the CM/ECF system upon Assistant United States Attorneys Elizabeth Aloi and John W. Borchert, United States Attorney's Office, 601 D Street, NW, Washington, DC 20004.

/s/
DAVID BENOWITZ