UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> DAVID PAITSEL, <br><br> Defendant. | Criminal Action No. 19-156-2 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(January 4, 2024)

Pending before this Court is Defendant David Paitsel's [310] Motion for Release Pending Appeal ("Def.'s Mot."); the Government's [311] Opposition to Defendant's Motion ("Govt. Opp'n"); and Defendant's [312] Reply to the Government's Opposition ("Def.'s Reply"). Upon review of the pleadings, the relevant legal authorities, and the record as a whole, this Court **DENIES** Defendant David Paitsel's Motion for Release Pending Appeal.

**I. BACKGROUND**

On October 7, 2022, a jury found Mr. Paitsel guilty of one count of conspiracy to commit bribery, in violation of 18 U.S.C. § 371 (Count Three of the Indictment), and one count of bribery, in violation of 18 U.S.C. § 201(b)(1)(C) (Count Five of the Indictment). Verdict, ECF No. 244. On October 18, 2023, this Court sentenced Mr. Paitsel to 24 months' imprisonment on each count, to run concurrently, which was a variance below the advisory sentencing guidelines. Judgment, ECF No. 300, at 1. The Court has ordered "[t]hat the Defendant not report [to the Bureau of Prisons ("BOP")] before January 16, 2024. *See* Judgment, ECF No. 300, at 2.

Mr. Griffith moves now for release from custody pending his appeal to the Court of Appeals for the District of Columbia Circuit ("Court of Appeals") filed on November 2, 2023.

1

See Notice of Appeal, ECF No. 304. The Government opposes Defendant's request for release pending appeal, on grounds that Defendant "cannot meet his burden to show that his appeal raises a substantial question of law or fact likely to result in reversal[.]" Govt. Opp'n, ECF No. 311, at 1. Defendant's Motion has been fully briefed and is ripe for resolution by this Court.[1]

## II. LEGAL STANDARD

"[A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" shall be "detained, unless [the Court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and further, that "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(A)&(B); *United States v. Zimny*, 857 F.3d 97, 100-101 (1st Cir. 2017) (discussing the likelihood prong). The defendant bears the burden of satisfying these statutory elements. *See Morrison v. United States,* 486 U.S. 1306, 1306-07 (1988).

The United States District Court for the District of Columbia Circuit ("D.C. Circuit") has defined a "substantial question" as "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555-56 (D.C. Cir. 1987) (internal quotation marks omitted). The standard is one that is "more demanding" than one that merely requires the issue to be "fairly debatable" or "not frivolous." *United States v. Libby*, 498 F. Supp. 2d 1, 4 & n.5 (D.D.C. 2007). Substantiality "requires a two-part inquiry: (1) Does the appeal raise a

---

[1] In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCrR 47(f).

2

substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to reversal?" *Perholtz*, 836 F.2d at 555. A defendant sentenced to prison terms on multiple counts of conviction "cannot be released unless the appeal raises a substantial question likely to result in reversal of all counts on which imprisonment is imposed." *Perholtz*, 836 F.2d at 557; *see e.g. United States v. Dale*, 223 F.2d 181, 183 (7th Cir. 1955) ("As the sentences imposed [were] to run concurrently the burden was upon petitioner to show error as to each count.")

## III. ANALYSIS

Defendant asserts that release is appropriate because Mr. Paitsel is not a flight or safety risk; his appeal raises substantial questions and is not brought for purpose of delay; and resolution of questions on appeal in his favor would likely result in reversal. Def.'s Mot., ECF No. 310, at 2-4. The Government proffers in turn that: (1) Defendant's failure to challenge the jury instruction earlier precludes him from doing so now, Gov't Opp'n, ECF No. 311, at 12-13; (2) Mr. Paitsel's brief "incorrectly suggests that the Court directed a verdict by instructing the jury that Defendant Paitsel's duty not to disclose confidential information was an official duty," *id.* at 8; (3) "Defendant Paitsel's challenge to the bribery instruction in Count Five does not disturb the conspiracy conviction because the conspiracy for which he was convicted had multiple objects," *id.* at 7; and (4) the evidence in this case was sufficient to sustain the bribery conviction. *Id.* at 14-16. The Court begins its analysis of Defendant's Motion with consideration of whether or not Mr. Paitsel poses a risk of flight or safety risk.

A. <u>Risk of Flight or Safety Risk</u>

In his Motion, Defendant asserts, and this Court agrees, that Mr. Paitsel is not a flight risk because "[w]ith the exception of the conduct that was the subject of this case, [Mr. Paitsel] has spent his entire adult life upholding and fighting for the rule of law[,]" first in military service and

then as a Special Agent with the FBI. Def.'s Mot., ECF No. 310, at 2-3.[2]  Furthermore, Mr. Paitsel has "no criminal history, and he has scrupulously complied with all conditions of his pre- and post-trial release," and he has close relationships with his family. *Id.* at 3.  Accordingly, Mr. Paitsel is not found to be a flight risk.

The Government's position regarding whether Mr. Paitsel is a danger to the community is encompassed within one sentence in their Opposition: "Defendant's steadfast refusal to accept responsibility for his conduct, and utter disregard for the rule of law suggests he may continue to pose a danger to the community." Govt. Opp'n, ECF No. 311, at 2.  Defendant asserts further that because "he has spent his career protecting the community from others who do harm," he is not a danger to the community.  Def.'s Mot., ECF No. 310, at 4.  Defendant acknowledges that the jury found that his conduct violated the federal bribery statute, but he states that, no matter the outcome of the appeal, he "intends to continue to uphold and support the rule of law." *Id.*

Despite the fact that Mr. Paitsel did not accept responsibility for his actions prior to trial/sentencing, the Court acknowledges Mr. Paitsel's lack of criminal history, his past work history, and his family connections.  Moreover, the Court notes that Mr. Paitsel was released on his personal recognizance from the date of his first appearance in this Court; he has a history of complying with his conditions of release, and this Court permitted Defendant to remain out on conditions of release and to voluntarily surrender to the BOP at a later date.  Additionally, Mr. Paitsel has affirmed that he will abide by the law, no matter the outcome of the appeal. Accordingly, the Court is satisfied that Mr. Paitsel is not a danger to the community or a risk of flight.  Nor is there any indication that Mr. Paitsel's appeal is for purposes of delay.  The Court addresses next the Defendant's argument that Mr. Paitsel's appeal raises a substantial question

---

[2] The Government does not assert that Mr. Paitsel is a risk of flight.

4

likely to result in a reversal, as well as the Government's opposition to this argument.

B. <u>Does Defendant's Argument Raise a Substantial Question that is Likely to Result in Reversal?</u>

Defendant's argument on appeal is premised upon his objection to the Court's jury instruction on his bribery charge (Count Five). In this case, the Court's Count 5 bribery instruction required the jury to find:

> First that Mr. Paitsel directly or indirectly demanded, sought, received, accepted, and/or agreed to receive or accept something of value. Second, Mr. Paitsel was then a public official by virtue of his being employed as a supervisory special agent for the Federal Bureau of Investigation. Third, that Mr. Paitsel did so corruptly in return for being induced to violate his official duty not to use government resources for nonofficial business.

*See* Transcript ("Tr.") of Jury Trial Day 9, ECF No. 309, at 69.

Defendant distinguishes between the jury instruction given on Count 4 (charging Defendant Bailey with bribing Defendant Paitsel) and Count 5 (charging Mr. Paitsel with accepting those bribes). With regard to Count Four, the jury had to find, *inter alia*, "that Mr. Paitsel had a lawful duty not to use government resources for nonofficial business and/or to keep confidential the information for which Mr. Bailey allegedly gave, offered, or promised something of value to Mr. Paitsel." Def.'s Reply, ECF No. 12 at 3 (citing Tr. of Jury Trial Day 9, ECF No. 309, at 67). Furthermore, "for purposes of [that] instruction]," a lawful duty was defined as "any statutory, regulatory, or official duty imposed upon Mr. Paitsel either orally or in writing by virtue of and specific to his position as the supervisory special agent for the Federal Bureau of Investigation." *Id.* Defendant contrasts this with the aforementioned instructions for Count Five, which Defendant alleges "told the jury exactly what constituted Mr. Paitsel's "official duty' — that is, 'not to use government resources for nonofficial business.'" Def.'s Reply, ECF No. 312, at 4.

5

1. <u>Timeliness of Objection</u>

Before addressing the merit of Defendant's allegations regarding the Count Five jury instruction, the Court notes the Government's assertion that Mr. Paitsel "defaulted procedurally by failing to raise this issue timely at trial – nor even to so argue in the more than a year that since passed." Gov't Opp'n, ECF No. 311, at 12. More specifically, Defendant did not object to the jury instruction despite opportunity to do so, even though the language to which he now objects was "flagged by the Court for Defendant Paitsel's counsel before the jury was instructed[.]" *Id.*; *see* Tr. of Jury Trial Day 7, ECF No. 253, at 94 (discussion between the Court and counsel regarding this instruction, where counsel proposed changing the term "corruptly" to read "corrupt intent" and had no other changes). The Government notes the Fed. R. Crim P. 30(d) provides that it is "incumbent upon a defendant to raise any objection when the Court afford[s] him an opportunity to do so – before the jury was instructed." Govt. Opp'n, ECF No. 311, at 13; Fed. R. Crim. P. 30(d) (("Objections to Instructions. A party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate. . . . Failure to object in accordance with this rule precludes appellate review, except as permitted under Rule 52(b).") The Advisory Committee notes to the 2002 Amendments to Rule 30(d) indicate further that objections to jury instructions are required to be contemporaneous and specific.

A claim of error in a jury instruction is untimely where the instruction was not objected to prior to the case going to the jury but was instead raised for the first time in a motion for a new trial. *Long v. Howard University*, 550 F.3d 21, 25 (D.C. Cir. 2008). Even if the untimeliness of Defendant's objection to a jury instruction does not bar Defendant from raising such objection,

the Government asserts that, in order to survive plain error review, Defendant must demonstrate prejudice. A failure to instruct a jury on an element of the offense is not reversible error when it is not prejudicial. *Neder v. United States*, 527 U.S. 1, 8-20 (1999). The Court turns now to the merit of Defendant's allegations that this Court directed a verdict on Count Five (bribery), which allegedly affects the verdict on Count Three (conspiracy).

    2. Defendant Argues that there was a Directed Verdict on Count Five

Defendant's argument that there is a substantial question that would warrant reversal is premised on his theory that this Court directed a verdict on his bribery count. More specifically, Mr. Paitsel argues that the jury instructions "directed a guilty verdict" on an element of the offense and thus constitute error. Def.'s Mot., ECF No. 310, at 4-8. Defendant explains that the federal bribery statute "criminalizes a public official's corrupt acceptance of something of value in return for being induced to do "any act in violation of the official duty" of that person," Def.'s Mot., ECF No. 310, at 4 (citing 18 U.S.C. §201(b)(2)(C)), but "official duty" is not defined in that section. *Id.* at 5. Accordingly, Defendant argues that what constituted an "official duty" is a factual issue for the jury. *United States v. Fernandez*, Nos. 19-15044, 19-15165, 2022 WL 3581793 at *5 (11th Cir. 2022) (unpublished) (citing *United States v Project on Gov't Oversight*, 616 F.3d 544, 562 (D.C. Cir. 2010) (quotation omitted)).

Defendant asserts that, under the Due Process Clause, the Government needed to prove beyond a reasonable doubt all elements of a charged offense, *United States v. Johnson,* 718 F.2d 1317, 1320 (5th Cir. 1983) (*en banc*) (citation omitted), which in this case would be "both the existence of such an official duty and all other facts constituting that crime" to support a bribery conviction. Def.'s Mot., ECF No. 310, at 5. Defendant contends that while the Government's indictment alleged a number of official duties, by the time jury instructions were being prepared,

7

"the government had winnowed down its theory, concluding that Mr. Paitsel had violated a supposed 'duty not to use government resources for non-official business.'" *Id.* at 5-6 (citing Proposed Jury Instructions, ECF No. 110-1 at 8).[3]

Defendant alleges that "the Court's bribery instruction removed from the jury's consideration the essential element of what constituted Mr. Paitsel's 'official duty,'" Def.'s Mot., ECF No. 310, at 6, and that "removing an essential element from the jury's determination [ ] constitutes a structural defect in the trial process that requires reversal of Mr. Paitsel's convictions. *Id.* at 7 (citation omitted). Defendant argues therefore that reversal is warranted because "where a jury has not rendered a verdict that addresses every essential element of the charged offense, and therefore has not rendered a verdict on the crime charged, the question of whether the same verdict would have been rendered absent the constitutional error is meaningless." *United States v. DiRico*, 78 F.3d 732, 737-738 (1st Cir. 1996) (finding harmless error analysis inapplicable); *see also Sullivan v. Louisiana*, 508 U.S. 275, 280-281 (1993) (distinguishing between the jury-instruction error in that case, where a jury instruction included a definition of reasonable doubt that was almost identical to one held unconstitutional, and the jury-instruction error of "erecting a presumption regarding an element of the offense").

(i) <u>Does this Alleged Error Affect the Verdict on Count Three</u>

Before analyzing the Government's response to Defendant's claim that there was a directed verdict on Count Five, this Court reiterates that with regard to a request for release, Mr. Paitsel has the burden of showing error on both counts for which his sentences run concurrently. *Perholtz,*

---

[3] One "official duty" was the duty under 5 C.F.R. Section 2635.704(a) to make "an honest effort to use official time and government property only for official business." The Court admitted into evidence all regulations referenced. *See* Tr. of Jury Trial Day 4, ECF No. 250, at 87; Govt. Ex. 7A.

8

836 F.2d at 557 (requiring defendant to raise a substantial question likely to result in a reversal on all counts on which imprisonment is imposed before release is appropriate). Accordingly, Mr. Paitsel's argument must extend to Count Three as well as Count Five.

Defendant alleges that this "structural error [in the Count Five instructions] infected Mr. Paitsel's [Count Three] conspiracy conviction too" because "the jury could not have rendered a verdict on all of the elements of that crime without referring to the Court's bribery instruction[.]" Def.'s Mot., ECF No. 310, at 8. The Government asserts however that Defendant's challenge to the bribery instruction in Count Five does not disturb the conspiracy conviction because the conspiracy of which he was convicted had multiple objects.

> More specifically,
>
> In Count Three, Defendant Paitsel was charged with conspiracy to commit bribery, with the objects of the conspiracy both a violation of 18 U.S.C. § 201(b)(2)(C) (Paitsel's receipt of bribes) and 18 U.S.C. § 201(b)(1)(C) (Bailey's payment of bribes). . . . These are two separate and distinct offenses. . . . Defendant Paitsel makes no attempt to challenge Defendant Bailey's bribery conviction, and his own participation in it. Indeed, Defendant's motion previewing his forthcoming appeal does not attempt to disturb the conspiracy conviction beyond a cursory reference. . . . Where, as here, there is a multi-object conspiracy, a guilty verdict for conspiracy may stand, even where there is inadequate evidence to support one of multiple objects. *See Griffin v. United States*, 502 U.S. 46 (1991) (a general guilty verdict in a multiple object conspiracy did not violate the Due Process Clauses as long as the evidence was sufficient to support the guilt of the defendant on one of the objects).

Govt. Opp'n, ECF No. 311, at 7-8.

Defendant's allegations regarding the effect of the Count Five jury instruction on Count Three (conspiracy) are fleshed out a bit more in his Reply. Defendant asserts that the Count Three conspiracy instruction explained that the jury could convict Mr. Paitsel if the Government proved that "there was an agreement to commit bribery" and "Mr. Paitsel intentionally joined in that agreement" and "one of the people involved in the conspiracy engaged in one overt act described

9

in the indictment." Def.'s Reply, ECF No. 312, at 5 (citing Tr. of Jury Trial Day 9, ECF No. 309, at 63). Defendant notes that because the conspiracy instruction did not define bribery or the elements of that crime, "the jury would have had to have looked to the instruction on Count 5 to determine what constituted "bribery" as to Mr. Paitsel." Def.'s Reply, ECF No. 312, at 5. In turn, because that "Count 5 instruction directed the jury that Mr. Paitsel's "official duty" included a duty not to use government resources for nonofficial business," the conspiracy instruction "resulted in the same structural error that the bribery instruction caused." *Id.* The Court notes that Defendant's conclusion requires focus on Mr. Paitsel's role in the conspiracy, as opposed to Mr. Bailey's role. The Government propounds however a guilty verdict for conspiracy may stand even where inadequate evidence supports one of multiple objects, and in this case, Mr. Bailey's bribery conviction stands unchallenged. In sum, this Court finds tenuous at best Defendant's argument that his Count Three conspiracy conviction would also be subject to reversal. Accordingly, Mr. Paitsel would still have to report to the BOP to serve his time on that conspiracy charge, and as such, he is ineligible for release on this ground. Assuming *arguendo* that both Counts are necessarily intertwined as propounded by Mr. Paitsel, the Court returns now to consideration of the merits of Defendant's underlying allegation that there was a directed verdict and more specifically, the Government's opposition thereto.

      3. <u>Government's Opposition to the Directed Verdict Argument</u>

The Government disputes that there was a directed verdict on Count Five insofar as "the Court instructed the jury – consistent with the statute, Indictment and Government's theory of the case – that to find the Defendant guilty, they must find that the Government proved that he violated an official duty not to use government resources for nonofficial business." Gov.'t Opp'n, ECF No. 311, at 8. This required the jury to find "both that he had an obligation not to use government

resources for nonofficial business and that this obligation was his official duty." *Id.* The Government argues further that the instruction is clear when considered in the context of all instructions, which is the manner in which jury instructions are to be viewed. *See United States v. Martin*, 475 F.2d 943, 947 (D.C. Cir. 1973) ("[T]he numerous occasions on which we have examined alleged errors in jury instructions have resulted in the emergence of several propositions to assist us in our evaluation.  Paramount among them is the principle that jury instructions are to be considered as a whole, rather than as isolated passages.")  It is well-established that jury instructions "may not be judged in artificial isolation," *United States v. Toms*, 396 F.3d 427, 436 (D.C. Cir. 2005), but must be 'considered in the context of the instructions as a whole and the trial record.' *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).   In reviewing an instruction to determine if it is erroneous, an appellate court is tasked with "view[ing] the charge itself as part of the whole trial." *United States v. Park*, 421 U.S. 658, 674 (1975).  The court should look at the entirety of jury instructions and the arguments of counsel. *United States v. Purvis*, 706 F.3d 520, 523 (D.C. Cir. 2013) (citation omitted).  An allegedly erroneous instruction is not grounds for a new trial where, considering "all the circumstances [including] the language of the instructions, the arguments of counsel, and the evidence itself [ ] it is highly improbable that the jury convicted on an improper theory." *United States v. Borda*, 786 F. Supp. 2d 25, 41-42 (D.D.C. 2011) (citation omitted).  The court considers whether the instructions gave the jury a sufficient understanding of the issues and the applicable standards. *United States v. Washington*, 106 F.3d 983, 1002 (D.D.C. 1997); *United States v. Yunis*, 924 F.2d 1086, 1095-96 (D.C. Cir. 1991) (awkward word choice is not sufficient to overturn a conviction).

In the instant case, the Government points out that Count Five was "one of three bribery counts for the jury's consideration," another one being Count Four, involving Defendant Bailey's

bribery of Defendant Paitsel.  Govt. Opp'n, ECF No. 311, at 10.  The Government notes that the statutory provisions underlying Counts Four and Five use the words "lawful" duty and "official" duty interchangeably, "and the Court used both in its instructions." *Id.*  With regard to Count Four, the instructions stated that, "[f]or purposes of this instruction, a lawful duty is any statutory, regulatory, or official duty imposed upon Mr. Paitsel either orally or in writing by virtue of and specific to his position as the supervisory special agent for the Federal Bureau of Investigation." *Id.*  The Court charged the jury with determining, *inter alia*, that "Mr. Paitsel had a lawful duty not to use government resources for nonofficial business and/or to keep confidential the information for which Mr. Bailey allegedly gave, offered, or promised something of value to Mr. Paitsel."  *Id.*  (citing Tr. of Jury Trial Day 9, ECF No. 309, at 67).[4]

Furthermore, this instruction made it clear that it was also for the jury to decide whether the conduct identified as "duty not to use government resources for nonofficial business" rose to the level of a lawful or official duty because it was "imposed upon Mr. Paitsel either orally or in writing by virtue and specific to his position as a supervisory special agent for the [FBI]."  *Id.*  Additionally, the Court emphasized that the jury was to decide whether or not Defendant Paitsel had an official duty when it proffered that: "Mr. Paitsel's position is that the evidence at trial as discussed above shows that he did not violate his official duty or duties in providing the tenant information to Mr. Bailey."  *Id.* (citing Tr. of Jury Trial Day 9, ECF No. 309, at 74).  In sum, the Government argues that there is no prejudice because "[i]n convicting Defendant Bailey on Count Four, the jury necessarily found that Bailey bribee Paitsel had the requisite official duty."  Govt. Opp'n, ECF No. 311, at 14.

---

[4] The Government notes that it opposed defining the official duty via jury instructions, while Defendant Bailey "urged the Court to do so."  Govt. Opp'n, ECF No. 311, at 11.

Moreover, the Government asserts, and this Court agrees, that the "jury was well aware that it was for [them] to decide both whether Defendant Paitsel was "corruptly" induced as well as whether what he was "induced" to do was in violation of his "official duty not to use government resources for nonofficial business." Govt. Opp'n, ECF No. 311 at 11 (citing Tr. of Jury Trial Day 9, ECF No. 309, at 69). Accordingly, the fact that the Court "combined the third and fourth elements into a single numbered point" on its instruction on Count Five is "of no moment," Govt. Opp'n, ECF No. 311, at 11, and the Court concludes that Mr. Paitsel's assertion that the Court directed a verdict on Count Five fails to raise a substantial question of law or fact that will likely result in a reversal.

    4. <u>The Record Evidence in this Case Supports a Conviction</u>

Finally, as an alternative argument, Defendant asserts "the government produced no evidence showing that Mr. Paitsel accepted a benefit in exchange for any agreement to violate any such official duty." Def.'s Mot., ECF No. 310, at 13. As such, "there is a substantial likelihood that he will succeed on his contention that the evidence proved at most that [Mr. Paitsel] agreed to accept a reward for past acts [and] [t]hat conduct may constitute the acceptance of an illegal gratuity[.]" Def.'s Reply, ECF No. 312, at 7; *see* Def.'s Mot., ECF No. 310, at 13-14 (arguing that "if a defendant is convicted of a greater offense but the evidence supports only a conviction on a lesser-included offense on which the jury was not instructed, that defendant is entitled to vacation of his conviction") (citations omitted).[5]

This Court disagrees. The record in this case indicates that "[t]here was substantial evidence establishing th[at] [Mr.] Paitsel understood that he was improperly accessing CLEAR in

---

[5] Defendant asserts that the Court failed to charge the jury on this "lesser-included offense," Def.'s Reply, ECF No. 312, at 7-8, but the Court is not required to do so *sua sponte* nor is there any indication that Defendant requested an instruction on such "lesser-included offense."

13

violation of a duty to use it only for FBI purposes in exchange for money payments." Memorandum Opinion, ECF No. 265 (incorporated by reference herein), at 9 (denying Mr. Paitsel's Motion for Judgment of Acquittal). "The evidence showed that Defendant Paitsel misused the CLEAR database when he lied about his purpose for using the database on no less than 30 instances and did so for his own financial gain." Govt. Opp'n, ECF No. 311, at 15; Govt. Ex. 104C. There was an exchange of emails and texts between Mr. Paitsel and Mr. Bailey regarding promises to pay for tenant information, Govt. Exs. 106E, 106G, 3E (at 8). And there was undisputed evidence that Mr. Bailey did make cash and check payments to Mr. Paitsel. Govt. Exs. 1N, 1Q. Mr. Bailey did this "[b]ecause Bailey knew that Paitsel had access to information that Bailey did not by virtue of Paitsel's position as an FBI agent[.]" Mem. Op., ECF No. 265, at 3. In this case, Mr. Paitsel had a specific alleged duty not to use his CLEAR account to perform searches of tenants who possessed TOPA [Tenant Opportunity to Purchase Act] rights; *i.e.*, not to use government resources for nonofficial business, and while Defendant would prefer to characterize Mr. Paitsel's actions as acceptance of a reward, or even receipt of an "illegal gratuity" for helping Mr. Bailey find contact information for tenants with TOPA rights, that is contrary to what the evidence in this case demonstrated and what the jury found.

Accordingly, for the reasons explained in detail herein, it is this 4th day of January, 2024, hereby

ORDERED that Defendant David Paitsel's [310] Motion for Release Pending Appeal is DENIED. Mr. Paitsel shall report to the Bureau of Prisons, as ordered in his [300] Judgment.

_____/s/_____

COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE